E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch
SONAH LEE (Cal. Bar No. 246024)
Assistant United States Attorney
Riverside Branch
    3403 Tenth Street Suite 200
    Riverside, CA 92501
    Telephone: (951) 276-6924
    Facsimile: (951) 276-6237
    E-mail:   sonah.lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>        v.<br><br>MATTHEW DANIEL JOHNSON,<br>  aka "anon,"<br><br>     Defendant. | ED CR No. 23-00169-SPG<br><br>PLEA AGREEMENT FOR DEFENDANT<br>MATTHEW DANIEL JOHNSON |

    1.   This constitutes the plea agreement between MATTHEW DANIEL JOHNSON ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.   Defendant agrees to:

        a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to:

1              i.   Count eight of the indictment in <u>United States v.</u>

2   <u>Matthew Daniel Johnson</u>, Case No. ED CR 23-00169-SPG, which charge

3   defendant with Production of Child Pornography, in violation of 18

4   U.S.C. § 2251(a), (e); and

5              ii.   Count fourteen of the indictment in <u>United States</u>

6   <u>v. Matthew Daniel Johnson</u>, Case No. ED CR 23-00169-SPG, which charge

7   defendant with Possession of Child Pornography, in violation of 18

8   U.S.C. §§ 2252A(a)(5)(B), (b)(2).

9         b.   Not contest facts agreed to in this agreement.

10         c.   Abide by all agreements regarding sentencing contained

11   in this agreement.

12         d.   Appear for all court appearances, surrender as ordered

13   for service of sentence, obey all conditions of any bond, and obey

14   any other ongoing court order in this matter.

15         e.   Not commit any crime; however, offenses that would be

16   excluded for sentencing purposes under United States Sentencing

17   Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

18   within the scope of this agreement.

19         f.   Be truthful at all times with the United States

20   Probation and Pretrial Services Office and the Court.

21         g.   Agree to and not oppose the imposition of a term of

22   supervised release of no less than 10 years (with the government

23   reserving the right to seek a higher term of supervised release up to

24   the statutory maximum of life) with the following conditions of

25   supervised release set forth in the "Appendix" to this Agreement.

26         h.   Pay the applicable special assessment at or before the

27   time of sentencing unless defendant has demonstrated a lack of

28   ability to pay such assessments.

1          i.    Defendant agrees that any and all criminal debt

2    ordered by the Court will be due in full and immediately.  The

3    government is not precluded from pursuing, in excess of any payment

4    schedule set by the Court, any and all available remedies by which to

5    satisfy defendant's payment of the full financial obligation,

6    including referral to the Treasury Offset Program.

7          j.    Complete the Financial Disclosure Statement on a form

8    provided by the USAO and, within 30 days of defendant's entry of a

9    guilty plea, deliver the signed and dated statement, along with all

10   of the documents requested therein, to the USAO by either email at

11   usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

12   Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

13   Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

14   criminal debt shall be assessed based on the completed Financial

15   Disclosure Statement and all required supporting documents, as well

16   as other relevant information relating to ability to pay.

17         k.    Authorize the USAO to obtain a credit report upon

18   returning a signed copy of this plea agreement.

19         l.    Consent to the USAO inspecting and copying all of

20   defendant's financial documents and financial information held by the

21   United States Probation and Pretrial Services Office.

22      3.   Defendant further agrees:

23         a.    To forfeit all right, title, and interest in and to

24   any and all monies, properties, and/or assets of any kind, derived

25   from or acquired as a result of, or involved in the illegal activity

26   to which defendant is pleading guilty, specifically including, but

27   not limited to, the following:

28             i.    One Toshiba laptop with serial number 9F164630C;

3

1            ii.   One Asus laptop with serial number

2    J9N0CX212135389;

3            iii. One Toshiba external hard drive with serial

4    number 85E6T8R3TWD6; and

5            iv.  One Dell Desktop computer with serial number

6    00329-0000-0003-AA121 (the "Forfeitable Property").

7        b.   To the Court's entry of an order of forfeiture at or

8    before sentencing with respect to the Forfeitable Property and to the

9    forfeiture of the property.

10       c.   To take whatever steps are necessary to pass to the

11   United States clear title to the Forfeitable Property, including,

12   without limitation, the execution of a consent decree of forfeiture

13   and the completing of any other legal documents required for the

14   transfer of title to the United States.

15       d.   Not to contest any administrative forfeiture

16   proceedings or civil judicial proceedings commenced against the

17   Forfeitable Property.  If defendant submitted a claim and/or petition

18   for remission for all or part of the Forfeitable Property on behalf

19   of himself or any other individual or entity, defendant shall and

20   hereby does withdraw any such claims or petitions, and further agrees

21   to waive any right he may have to seek remission or mitigation of the

22   forfeiture of the Forfeitable Property.

23       e.   Not to assist any other individual in any effort

24   falsely to contest the forfeiture of the Forfeitable Property.

25       f.   Not to claim that reasonable cause to seize the

26   Forfeitable Property was lacking.

27

28

g.    To prevent the transfer, sale, destruction, or loss of the Forfeitable Property described above to the extent defendant has the ability to do so.

h.    To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

i.    That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

j.    That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

k.    With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

1

THE USAO'S OBLIGATIONS

2   4. The USAO agrees to:

3    a. Not contest facts agreed to in this agreement.

4    b. Abide by all agreements regarding sentencing contained

5 in this agreement.

6    c. At the time of sentencing, move to dismiss the

7 remaining counts of the indictment as against defendant.  Defendant

8 agrees, however, that at the time of sentencing the Court may

9 consider any dismissed charges in determining the applicable

10 Sentencing Guidelines range, the propriety and extent of any

11 departure from that range, and the sentence to be imposed.

12    d. At the time of sentencing, provided that defendant

13 demonstrates an acceptance of responsibility for the offense up to

14 and including the time of sentencing, recommend a two-level reduction

15 in the applicable Sentencing Guidelines offense level, pursuant to

16 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

17 additional one-level reduction if available under that section.

18    e. Except for criminal tax violations (including

19 conspiracy to commit such violations chargeable under 18 U.S.C. §

20 371), not further criminally prosecute defendant for violations of 18

21 U.S.C. §§ 2251(a)(Production of Child Pornography),

22 2252A(a)(2)(A)(Receipt of Child Pornography), and 2252A(a)(5)(B)

23 (Possession of Child Pornography) arising out of defendant's conduct

24 described in the agreed-to factual basis set forth in paragraph 15

25 below and for defendant's conduct in downloading, accessing, and

26 possessing child pornography found on the Forfeitable Property,

27 seized on March 4, 2020.  Defendant understands that the USAO is free

28 to criminally prosecute defendant for any other unlawful past conduct

6

1    or any unlawful conduct that occurs after the date of this agreement.

2    Defendant agrees that at the time of sentencing the Court may

3    consider the uncharged conduct in determining the applicable

4    Sentencing Guidelines range, the propriety and extent of any

5    departure from that range, and the sentence to be imposed after

6    consideration of the Sentencing Guidelines and all other relevant

7    factors under 18 U.S.C. § 3553(a).

8            f.    Not seek a sentence of imprisonment above the high end

9    of the applicable Sentencing Guidelines range, provided that the

10   offense level used by the Court to determine that range is 40 or

11   higher and provided that the Court does not depart downward in

12   offense level or criminal history category.  For purposes of this

13   agreement, the high end of the Sentencing Guidelines range is that

14   defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.  In

15   making its sentencing recommendation, and to argue against, respond

16   to, and rebut any request or anticipated request by defendant for a

17   sentence below the low end of the Sentencing Guidelines range for an

18   Offense Level of 40 or higher, the United States may include

19   aggravating information concerning (1) the nature and circumstances

20   of the offenses and the history and characteristics of the defendant

21   and (2) the need for the sentence imposed to (A) to reflect the

22   seriousness of the offense, to promote respect for the law, and to

23   provide just punishment for the offense; (B) to afford adequate

24   deterrence to criminal conduct; (C) to protect the public from

25   further crimes of the defendant, to promote respect for the law and

26   to support the requested sentence.

27

28

1

<u>NATURE OF THE OFFENSES</u>

2       5.   Defendant understands that for defendant to be guilty of

3   the crime charged in count eight, that is, Production of Child

4   Pornography, in violation of Title 18, United States Code, Section

5   2251(a), the following must be true:

6       a.   First, at the time of the offense, the victim was

7   under the age of 18 years;

8       b.   Second, defendant employed or used the victim to take

9   part in sexually explicit conduct for the purpose of producing a

10   visual depiction of such conduct; and

11       c.   Third, either:

12       i.   the defendant knew or had reason to know that the

13   visual depiction would be mailed or transported across state lines or

14   in foreign commerce;

15       ii.   the visual depiction was produced using materials

16   that had been mailed, shipped, or transported across state lines or

17   in foreign commerce, including by computer; or

18       iii.  the visual depiction was mailed or actually

19   transported across state lines or in foreign commerce, or the visual

20   depiction affected interstate commerce.

21       6.   Defendant understands that for defendant to be guilty of

22   the crime charged in count fourteen, that is, Possession of Child

23   Pornography, in violation of Title 18, United States Code, Section

24   2252A(a)(5)(B), the following must be true:

25       a.   First, defendant knowingly possessed matters that

26   defendant knew contained visual depictions of minors engaged in

27   sexually explicit conduct;

28

b.   Second, defendant knew each visual depiction contained in the matter showed a minor engaged in sexually explicit conduct;

c.   Third, defendant knew that production of such a visual depiction involved use of a minor in sexually explicit conduct; and

d.   Fourth, each visual depiction had been:

i.   mailed, shipped, or transported using any means or facility of interstate commerce or in or affecting interstate commerce; or

ii.   produced using material that been mailed, shipped, or transported using any means or facility of interstate commerce or in or affecting interstate commerce, by any means including by computer.

<u>PENALTIES AND RESTITUTION</u>

7.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2251(a), (e) is: 30 years' imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2252A(a)(5)(B), (b)(2), where the heightened statutory maximum penalties for an offense involving a prepubescence minor or a minor who had not attained 12 years of age, is:  20 years' imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 50 years' imprisonment; a lifetime period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

10.    Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Sections 2251(a), (e) is: 15 years' imprisonment, a five-year period of supervised release, and a mandatory special assessment of $100.

11.    Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those charges. Defendant understands that, under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court shall impose a restitution amount of not less than $3,000 per victim.

12.  Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

13.  Defendant understands that, pursuant to 18 U.S.C. § 2259A, the Court may impose an additional special assessment of up to $50,000.

14.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

15.  Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

16.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm,

the right to hold office, and the right to serve on a jury.
Defendant understands that he is pleading guilty to a felony and that
it is a federal crime for a convicted felon to possess a firearm or
ammunition.  Defendant understands that the conviction in this case
may also subject defendant to various other collateral consequences,
including but not limited to revocation of probation, parole, or
supervised release in another case and suspension or revocation of a
professional license.  Defendant understands that unanticipated
collateral consequences will not serve as grounds to withdraw
defendant's guilty pleas.

17.  Defendant and his counsel have discussed the fact that, and
defendant understands that, if defendant is not a United States
citizen, the conviction in this case makes it practically inevitable
and a virtual certainty that defendant will be removed or deported
from the United States.  Defendant may also be denied United States
citizenship and admission to the United States in the future.
Defendant understands that while there may be arguments that
defendant can raise in immigration proceedings to avoid or delay
removal, removal is presumptively mandatory and a virtual certainty
in this case.  Defendant further understands that removal and
immigration consequences are the subject of a separate proceeding and
that no one, including his attorney or the Court, can predict to an
absolute certainty the effect of his conviction on hi immigration
status.  Defendant nevertheless affirms that he wants to plead guilty
regardless of any immigration consequences that his pleas may entail,
even if the consequence is automatic removal from the United States.

1

## FACTUAL BASIS

2       18.  Defendant admits that defendant is, in fact, guilty of the

3  offenses to which defendant is agreeing to plead guilty.  Defendant

4  and the USAO agree to the statement of facts provided below and agree

5  that this statement of facts is sufficient to support pleas of guilty

6  to the charges described in this agreement and to establish the

7  Sentencing Guidelines factors set forth in paragraph 20 below but is

8  not meant to be a complete recitation of all facts relevant to the

9  underlying criminal conduct or all facts known to either party that

10  relate to that conduct.

11      On or about March 4, 2020, Fontana Internet Crimes Against

12  Children Task Force ("Fontana ICAC") searched defendant's residence

13  in Loma Linda, San Bernardino County, and defendant's office at La

14  Sierra Academy, Riverside County, pursuant to state search warrants.

15  At his residence in Loma Linda, defendant possessed a Toshiba laptop

16  with serial number 9F164630C that contained the following child

17  pornography video files:

18  • boy+boy s8 (f) loverboys 11 yo boys – pedo gay pthc boy.lnk: a

19     24-minute-24-second-long video which depicts various minor boys

20     and adult men engaging in oral copulation and anal sexual

21     intercourse;

22  • !!!!!!!!! [boy+man] sasha 12 yo boyfuck video! (best!).avi: a

23     26-minutes-42-seconds-long compilation video depicting the

24     sexual assault of a prepubescent boy who appears to be about 12

25     years old by an adult male.  The boy initially engages in manual

26     masturbation of the adult male's penis, then is forced to engage

27     in oral copulation on the adult male, and then the adult male

28

engages in oral copulation of the boy, leading to the man anally penetrating the child with his erect penis;

- [m+b] 5yo boy takes cock up the butt (man, boy, boylove, toddler, anal, pedo, gay).mp4:  a 48-seconds-long video which depicts a prepubescent boy between 3-5 years of age, lying naked on his back.  An adult male uses his hand to force his erect penis inserts into the child's anus.  The child can be heard making grunting noises which increase in volume as the man pushes his penis deeper into the child's anus;

- Pedo boy- Cristian is on his back taking all of a mans hard cock Only 10yo - PTHC GAY Anal Colombia.avi: a 2-minutes-52-seconds-long video depicting a prepubescent boy lying on his back who appears to be about 10 years of age.  The camera is focused on the boy's penis and anus, and two adult men in the video anally rape the boy;

- f60ec990-9ac6-4218-aa25-b20f98535ded.mpg: a 38-minutes-long video which initially depicts two naked prepubescent boys, about 10 years of age, orally copulating each other.  In the next scene, a man dressed all in black stands in front of a prepubescent boy laying on his stomach on a dark blue blanket. The child has his hands tied behind his back with the wrists bound to his ankles.  The man puts his penis into the boy's mouth, while the boy tries to move his face away from the man's penis.  The man forces the child's head up and pushes his penis into the child's mouth.  In the next scene, a prepubescent boy, about 10 years old, is naked, tied to a chair with a white rope. An adult man puts his penis into the boy's mouth.  The next scene shows the same boy in the shower with a naked adult man.

The adult male puts his erect penis into the child's mouth.  In another segment, an adult male is orally copulated by two prepubescent boys about 10 years old.  The remainder of the video (approximately 15 minutes in duration) shows what appears to be the same child and adult in various rooms.  The child is repeatedly anally assaulted by the man using his erect penis; and

- boyfuck - man fucks his boy jared 11y in bathtub.avi: a 26-minutes-53-seconds-long video which depicts a prepubescent boy, about 11 years old and an adult man in a bathtub.  The man has the child masturbate his erect penis and then puts his penis into the boy's mouth.  The man places the boy on his hands and knees, spread his buttocks to displaying the boy's anus for the camera and then penetrates the anus digitally, orally, and then with his erect penis.  The adult man then orally copulates the child and then directs the child to insert his penis into the man's anus.  The video contains audio and ends with the man telling the child he is special and this is their secret.

Defendant admits and agrees that he knew that the video files described above that he possessed on March 4, 2020, contained visual depictions of minors engaging in sexually explicit conduct, that he knew that the visual depictions showed minors engaged in sexually explicit conduct, and that he knew that production of such visual depiction involved use of minors engaged in sexually explicit conduct.  Defendant admits and agrees that the minors depicted in the videos were real children, and defendant possessed child pornography using the Internet, which is a means and facility of interstate and

15

1  foreign commerce, and using his Toshiba laptop, which was
2  manufactured in China, outside the state of California.

3     During the execution of the search warrant at defendant's
4  residence, defendant admitted to Fontana ICAC that he had hidden a
5  pen-shaped recording device in a toilet paper holder inside of a
6  school bathroom, across the hall from his office as a school
7  counselor at La Sierra Academy.  Inside defendant's office, Fontana
8  ICAC found a Toshiba external hard drive with serial number
9  85E6T8R3TWD6 which contained over a hundred video files depicting
10  approximately 62 minors, which were created by defendant by hiding a
11  recording device inside a bathroom.

12     One of the video files, as alleged in count eight and created on
13  or about January 15, 2020, depicts a minor who was approximately 5
14  years old at the time, urinating inside a bathroom, with his
15  genitalia depicted in the video.  The recording device was hidden
16  inside a toilet paper roll to capture the genitals of minor boys
17  using the toilet, and Fontana ICAC also recovered videos of defendant
18  adjusting the recording device.

19     Another video file depicted defendant adjusting a recording
20  device inside a different bathroom at a Junior High School Bible Camp
21  where defendant was working as a chaperone of children attending the
22  camp.  The video file subsequently captured minor boys using the
23  toilet and the shower and depicted their genitalia.

24     Defendant admits and agrees that he knew that the video alleged
25  in count eight depicted Minor Victim 7, a real child who was less
26  than 18 years old.  Defendant further admits that defendant used and
27  employed Minor Victim 7 for the purpose of creating a visual
28  depiction of a minor engaging in sexually explicit conduct.

16

Defendant also admits and agrees that he copied child pornography that he surreptitiously produced onto his Toshiba external hard drive with serial number 85E6T8R3TWD6, which was manufactured in the Philippines, outside the state of California.

SENTENCING FACTORS

19.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

20.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 32 | U.S.S.G. § 2G2.1 |
| Less than 12: | +4 | U.S.S.G. § 2G2.1(b)(1) |
| Abuse of Position: | +2 | U.S.S.G. § 3B1.3 |
| Repeat/Dangerous Sex Offender: | +5 | U.S.S.G. § 4B1.5 |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a

17

career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

21.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

22.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

23.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

1       g.   The right not to be compelled to testify, and, if

2  defendant chose not to testify or present evidence, to have that

3  choice not be used against defendant.

4       h.   Any and all rights to pursue any affirmative defenses,

5  Fourth Amendment or Fifth Amendment claims, and other pretrial

6  motions that have been filed or could be filed.

7              WAIVER OF RETURN OF DIGITAL DATA

8     24.  Understanding that the government has in its possession

9  digital devices and/or digital media seized from defendant, defendant

10  waives any right to the return of digital data contained on those

11  digital devices and/or digital media and agrees that if any of these

12  digital devices and/or digital media are returned to defendant, the

13  government may delete all digital data from those digital devices

14  and/or digital media before they are returned to defendant.

15             WAIVER OF APPEAL OF CONVICTION

16     25.  Defendant understands that, with the exception of an appeal

17  based on a claim that defendant's guilty pleas were involuntary, by

18  pleading guilty defendant is waiving and giving up any right to

19  appeal defendant's convictions on the offenses to which defendant is

20  pleading guilty.  Defendant understands that this waiver includes,

21  but is not limited to, arguments that the statute to which defendant

22  is pleading guilty is unconstitutional, and any and all claims that

23  the statement of facts provided herein is insufficient to support

24  defendant's pleas of guilty.

25      LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

26     26.  Defendant agrees that, provided the Court imposes a total

27  term of imprisonment on all counts of conviction of no more than 365

28  months, defendant gives up the right to appeal all of the following:

(a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above and in the "Appendix" to this Agreement.

27.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 292 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: (a) the amount of restitution ordered if that amount is less than $3,000 per victim.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

28.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was

1  involuntary, then (a) the USAO will be relieved of all of its

2  obligations under this agreement; and (b) should the USAO choose to

3  pursue any charge that was either dismissed or not filed as a result

4  of this agreement, then (i) any applicable statute of limitations

5  will be tolled between the date of defendant's signing of this

6  agreement and the filing commencing any such action; and

7  (ii) defendant waives and gives up all defenses based on the statute

8  of limitations, any claim of pre-indictment delay, or any speedy

9  trial claim with respect to any such action, except to the extent

10  that such defenses existed as of the date of defendant's signing this

11  agreement.

12  <u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

13  29.  Defendant agrees that if any count of conviction is

14  vacated, reversed, or set aside, the USAO may: (a) ask the Court to

15  resentence defendant on any remaining count of conviction, with both

16  the USAO and defendant being released from any stipulations regarding

17  sentencing contained in this agreement, (b) ask the Court to void the

18  entire plea agreement and vacate defendant's guilty plea on any

19  remaining count of conviction, with both the USAO and defendant being

20  released from all their obligations under this agreement, or

21  (c) leave defendant's remaining conviction, sentence, and plea

22  agreement intact.  Defendant agrees that the choice among these three

23  options rests in the exclusive discretion of the USAO.

24  <u>EFFECTIVE DATE OF AGREEMENT</u>

25  30.  This agreement is effective upon signature and execution of

26  all required certifications by defendant, defendant's counsel, and an

27  Assistant United States Attorney.

28

## BREACH OF AGREEMENT

31.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

32.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

33.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

34.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 20 are consistent with the facts of this case.  While this paragraph permits

1  both the USAO and defendant to submit full and complete factual

2  information to the United States Probation and Pretrial Services

3  Office and the Court, even if that factual information may be viewed

4  as inconsistent with the facts agreed to in this agreement, this

5  paragraph does not affect defendant's and the USAO's obligations not

6  to contest the facts agreed to in this agreement.

7      35.  Defendant understands that even if the Court ignores any

8  sentencing recommendation, finds facts or reaches conclusions

9  different from those agreed to, and/or imposes any sentence up to the

10  maximum established by statute, defendant cannot, for that reason,

11  withdraw defendant's guilty pleas, and defendant will remain bound to

12  fulfill all defendant's obligations under this agreement.  Defendant

13  understands that no one -- not the prosecutor, defendant's attorney,

14  or the Court -- can make a binding prediction or promise regarding

15  the sentence defendant will receive, except that it will be between

16  the statutory mandatory minimum and within the statutory maximum.

17                      <u>NO ADDITIONAL AGREEMENTS</u>

18      36.  Defendant understands that, except as set forth herein,

19  there are no promises, understandings, or agreements between the USAO

20  and defendant or defendant's attorney, and that no additional

21  promise, understanding, or agreement may be entered into unless in a

22  writing signed by all parties or on the record in court.

23  ///

24

25

26

27

28

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

37.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

*Sonah Lee*                                              8/28/2024
_____          _____
SONAH LEE                                        Date
Assistant United States Attorney

*Matthew Johnson*                                08/27/2024
_____          _____
MATTHEW DANIEL JOHNSON             Date
Defendant

_____          8/27/24
JONATHAN M. LYNN                   _____
Attorney for Defendant MATTHEW     Date
DANIEL JOHNSON

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those

1  contained in this agreement.  No one has threatened or forced me in

2  any way to enter into this agreement.  I am satisfied with the

3  representation of my attorney in this matter, and I am pleading

4  guilty because I am guilty of the charge and wish to take advantage

5  of the promises set forth in this agreement, and not for any other

6  reason.

7

8  *Matthew Johnson*                          08/27/2024
   MATTHEW DANIEL JOHNSON          Date

9  Defendant

10              CERTIFICATION OF DEFENDANT'S ATTORNEY

11      I am MATTHEW DANIEL JOHNSON's attorney.  I have carefully and

12  thoroughly discussed every part of this agreement with my client.

13  Further, I have fully advised my client of his rights, of possible

14  pretrial motions that might be filed, of possible defenses that might

15  be asserted either prior to or at trial, of the sentencing factors

16  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

17  provisions, and of the consequences of entering into this agreement.

18  To my knowledge: no promises, inducements, or representations of any

19  kind have been made to my client other than those contained in this

20  agreement; no one has threatened or forced my client in any way to

21  enter into this agreement; my client's decision to enter into this

22  agreement is an informed and voluntary one; and the factual basis set

23  forth in this agreement is sufficient to support my client's entry of

24  guilty pleas pursuant to this agreement.

25

26  *Jon L*                                    8/27/24
   JONATHAN M. LYNN                   Date
   Attorney for Defendant MATTHEW

27  DANIEL JOHNSON

28

APPENDIX

Sex Offender Supervised Release Conditions

1.   Within three (3) days of release from prison, the defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, is employed and is a student, pursuant to the registration procedures that have been established in each jurisdiction. When registering for the first time, the defendant shall also register in the jurisdiction in which the conviction occurred if different from the defendant's jurisdiction of residence. The defendant shall provide proof of registration to the Probation Officer within 48 hours of registration.

2.   The defendant shall participate in a psychological counseling or psychiatric treatment or a sex offender treatment program, or any combination thereof as approved and directed by the Probation Officer.  The defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing.  The defendant retains the right to invoke the Fifth Amendment. The Court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the treatment provider.  The treatment provider may provide information (excluding the Presentence report), to State or local social service agencies (such as the State of California, Department of Social Service), for the purpose of the client's rehabilitation.

3.   As directed by the Probation Officer, the defendant shall pay all or part of the costs of psychological counseling or

psychiatric treatment, or a sex offender treatment program, or any combination thereof to the aftercare contractor during the period of community supervision.  The defendant shall provide payment and proof of payment as directed by the Probation Officer.  If the defendant has no ability to pay, no payment shall be required.

4.  The defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child pornography, as defined in 18 U.S.C. §2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. §2256(2).  This condition does not prohibit the defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit the defendant from possessing materials prepared and used for the purposes of the defendant's Court-mandated sex offender treatment, when the defendant's treatment provider or the probation officer has approved of the defendant's possession of the material in advance.

5.  The defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall the defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

6.  The defendant shall not contact the victims, or family members of victims, by any means, including in person, by mail or electronic means, or via third parties.  Further, the defendant shall remain at least 100 yards from the victim(s) at all times.  If any contact occurs, the defendant shall immediately leave the area of contact and report the contact to the Probation Officer.

7.  The defendant shall not enter, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth

centers, video arcade facilities, amusement and theme parks, or other places primarily used by persons under the age of 18, without the prior written authorization of the probation officer.

8.    The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that the defendant notify said parent or legal guardian of the defendant's conviction in the instant offense/prior offense. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., whom the defendant must interact with in order to obtain ordinary and usual commercial services.

9.    The defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes the defendant to regularly contact persons under the age of 18.

10.   The defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

11.   The defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  The defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten (10) days prior to any scheduled change.

12.   Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers,

video arcade facilities, or other places primarily used by persons under the age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

13.  The defendant shall submit to a search, at any time, with or without warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computers, cell phones, other electronic communication or data storage devices or media, email accounts, social media accounts, cloud storage accounts, effects and other areas under the defendant's control, upon reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

14.  The defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child erotica, which is defined as a person under the age of 18 in partial or complete state of nudity, in sexually provocative poses, viewed for the purpose of sexual arousal.

15.  Upon release from custody, the defendant shall submit to a psycho-sexual evaluation approved and directed by the Probation Officer.  The offender shall abide by all rules, requirements, and conditions, of such an assessment, including submission to risk assessment evaluation, and physiological testing, such as polygraph, and Abel testing, to determine if the offender is a risk for sexual

re-offending, in need of additional conditions of supervision and sex offender specific treatment.  As directed by the Probation Officer, the defendant shall pay all or part of the costs of the evaluation to the aftercare contractor during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer.  If the defendant has no ability to pay, no payment shall be required.

16.  The defendant shall participate in an evaluation by a trained professional, approved by the Probation Office, to assess the defendant's risk to the community as a sex offender.  The evaluation may include physiological testing, such as polygraph and Abel testing.  The Court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the evaluation provider.  As directed by the Probation Officer, the defendant shall pay all or part of the costs of the sex offender risk evaluation to the aftercare contractor during the period of community supervision.  The defendant shall provide payment and proof of payment as directed by the Probation Officer.  If the defendant has no ability to pay, no payment shall be required.

17.  The defendant shall possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications, and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that have been disclosed to the Probation Officer upon commencement of supervision.  Any new devices, accounts, applications, passwords, or passcodes are to be disclosed to the Probation Officer prior to the first use.  A digital device is any electronic system or device

that can access, view, obtain, store, or transmit visual depictions
of sexually explicit conduct involving children.

　　18.　All computers, computer-related devices, and their
peripheral equipment, used by the defendant shall be subject to
search, seizure and computer monitoring.  This shall not apply to
items used at the employment site that are maintained and monitored
by the employer.

　　19.　The defendant shall comply with the rules and regulations
of the Computer Monitoring Program.  The defendant shall pay the cost
of the Computer Monitoring Program.