E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
SONAH LEE (Cal. Bar No. 246024)
Assistant United States Attorney
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6924
     Facsimile: (951) 276-6202
     Email:     Sonah.Lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 23-000169-SPG |
|---|---|
| Plaintiff, | NOTICE OF GOVERNMENT'S INTENTION TO SEEK REMAND TO CUSTODY FOLLOWING ENTRY OF GUILTY PLEA |
| v. | |
| MATTHEW DANIEL JOHNSON, | Change of Plea: 10/23/2024 |
| Defendant. | Trial Date: 12/9/2024 |

**I.  INTRODUCTION**

Defendant Matthew Daniel Johnson ("defendant") has signed a plea agreement, which shows that he intends to enter pleas of guilty to the charge of Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a), (e), and to the charge of Possession of Child Pornography, in violation of 18 U.S.C. 2252A(a)(5)(B), (b)(2) at a hearing scheduled before this Court on October 23, 2024.

Defendant is not currently in custody.  Defendant was released on a $50,000 unsecured appearance bond.  (ECF 15.)

Plaintiff United States of America, through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Sonah Lee, hereby notifies the Court and defendant that, following defendant's entry of guilty pleas, the United States will be seeking defendant's remand to custody under 18 U.S.C. § 3143(a).

**II.  DISCUSSION**

**A.   Section 3143(a)(2) Applies and Mandates Detention**

By its plain language, 18 U.S.C. § 3143(a) pertains to defendants who have "been found guilty of an offense . . . and [are] awaiting imposition or execution of sentence."  The fact that defendant here intends to plead guilty, as opposed to having been found guilty by a jury following trial, does not alter the fact that, under the law, upon defendant's guilty plea defendant will have been "found guilty of an offense."  See United States v. Cazares, 121 F.3d 1241, 1246 (9th Cir. 1997) ("'The effect [of a guilty plea] is the same as if [defendant] had been tried before a jury and had been found guilty on evidence covering all of the material facts.'" (quoting United States v. Davis, 452 F.2d 577, 578 (9th Cir. 1971))). Accordingly, following defendant's guilty plea in the instant case, § 3143(a) will govern defendant's release or detention.  See United States v. Devinna, 5 F.Supp.2d 872, 872 (E.D. Cal. 1998) ("Having pleaded guilty to a 'crime of violence,' defendant is subject to a provision mandating detention pending sentencing.  See 18 U.S.C. § 3143(a)(2)."); United States v. Bryant, 895 F.Supp. 218, 220 (N.D. Ind. 1995) ("[T]he guilty pleas must be considered equivalent to a finding of guilty for purposes of Section 3143(a).").

Defendant's release or detention will be specifically governed by 18 U.S.C. § 3143(a)(2) because the nature of his conviction falls within § 3142(f)(1)(A). Said another way, following his guilty plea, defendant will have been convicted of a "crime of violence" (see 18 U.S.C. § 2251 -- a category of offense falling within 18 U.S.C. § 3142(f)(1)(A) as a "crime of violence"). Defendant's crime of conviction meets the definition of a "crime of violence" because under 18 U.S.C. § 3156(a)(4)(C), it is a felony under chapter 110, which includes 18 U.S.C. §§ 2251-2260.

Because of the nature of his conviction, § 3143(a)(2) on its face appears to make mandatory defendant's detention pending sentencing:

> The judicial officer **shall** order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained **unless**
>
> (A)
>
>    (i)   the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; **or**
>
>    (ii)   an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person;
>
> **and**
>
> (B)  the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2) (emphasis added).

Subsection (A) and subsection (B) of § 3143(a)(2) are conjunctive and set forth two requirements. Accordingly, even if defendant could convince the Court by clear and convincing evidence that he is not likely to flee or pose a danger to any other person in

3

the community, the Court would also have to find either subsection (A)(i) or (A)(ii) of § 3143(a)(2) satisfied for defendant to be released pending sentencing. Here, neither of the alternative conditions set forth in subsection (A) of § 3143(a)(2) can be met here.

### 1. Defendant Cannot Establish a Substantial Likelihood that a Motion for Acquittal or New Trial Will be Granted, and the Government Will Seek Imprisonment

First, defendant intends to plead guilty, so there is not a substantial likelihood that a motion for acquittal or new trial will be granted. Second, a government attorney has not recommended and will not recommend that no sentence of imprisonment be imposed in this case. Indeed, the statutory mandatory minimum sentence that is applicable in this case is 15 years' imprisonment. (ECF 32 ¶ 8.) Accordingly, defendant cannot meet either of the conditions precedent for release under § 3143(a)(2)(A).

### 2. There Is No Clear and Convincing Evidence That the Person Is Not Likely to Flee or Pose a Danger to Any Other Person or the Community

Notwithstanding the fact that defendant has been on bond pending trial, the calculous has now changed: defendant signed a plea agreement and will plead guilty to an offense carrying a statutory mandatory minimum sentence of 15 years. Notably, the Ninth Circuit has concluded that the prospect of a significant custodial sentence creates a powerful incentive to flee. See United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990) ("Facing the much graver penalties possible under the present indictment, the defendants have an even greater incentive to consider flight.").

Accordingly, on its face, § 3143(a)(2) forecloses the opportunity for defendant to be released on bond pending sentencing. Under 18 U.S.C. § 3145(c), however, defendant has the opportunity to avoid mandatory detention if he can "clearly show[] that there are exceptional reasons" why his detention would not be appropriate.

**B.  Defendant Does Not Fall Within the Exception of § 3145(c)**

Section 3145(c) provides for an exception from mandatory detention under 18 U.S.C. § 3143(a)(2) where there are "exceptional reasons" why detention would not be appropriate. It provides:

> A person subject to detention pursuant to section 3143(a)(2) . . . , and who meets the conditions or release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).

The Ninth Circuit has found that "the district court has authority to determine whether there are exceptional reasons," and has broad discretion in making the determination. United States v. Garcia, 340 F.3d 1013, 1014 n.1, 1018 (9th Cir. 2003). In Garcia, the Ninth Circuit addressed the meaning of "exceptional reasons," but "place[d] no limit on the range of matters the district court may consider." Id. at 1018-19. Nevertheless, in considering "exceptional reasons," the Garcia Court provided guidance that district courts "should examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors (bearing in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released . . . ) it would be unreasonable to incarcerate the defendant." Id. at 1019.

The Garcia Court explained that it must "emphasize" that the "exception applies only where justified by exceptional circumstances":

> Hardships that commonly result from imprisonment do not meet the standard. The general rule must remain that conviction for a covered offense entails immediate incarceration. Only in **truly unusual circumstances** will a defendant whose offense is subject to the statutory provision be allowed to remain on bail . . . .

Id. at 1022 (emphasis added). Former Circuit-Judge Pamela Ann Rymer has added that "exceptional reasons" that a defendant must show are "out of the ordinary," "rare," or "uncommon" and that "set[] [defendant] apart from anyone else convicted of a crime of violence." United States v. Koon, 6 F.3d 561, 563 (9th Cir. 1993) (Rymer, J., concurring).

The Garcia Court outlined a non-exhaustive list of factors that district courts may consider in evaluating whether "exceptional reasons" support release, including: (1) whether a defendant's crime was aberrational;[1] (2) a defendant's significant social contribution, (3) whether the nature of the offense is so dissimilar to others in the same category defined in statute as to render it exceptional; (4) whether defendant's expected prison sentence is not lengthy or "he will soon be free"; (5) whether circumstances exist that render hardships of detention unusually harsh for the defendant; (6) the benefit of uninterrupted treatment; (7) the effects of incarceration on the defendant's health; (8) whether there is a strong chance that

---

[1] "[T]he Ninth Circuit has characterized 'aberrational' conduct as conduct where '[a] defendant with no prior history of violence may have acted violently, but uncharacteristically, in reaction to an unusually provocative circumstance.'" United States v. Gerrard, 2011 WL 5190951, at *8 (D.Haw. Oct. 28, 2011) (quoting Garcia, 340 F.3d at 1019).

the defendant will succeed in obtaining a reversal of his conviction on appeal; and (9) whether the defendant was unusually cooperative with the government.  340 F.3d 1019-21.

Here, there are no "truly unusual circumstances here" such that defendant can carry his burden to "clearly" show "exceptional reasons" under § 3145(c).  The Second Circuit has said that examples in a Letter from Assistant Attorney General Carol T. Crawford to Honorable Paul Simon (July 26, 1989) "present a unique combination of circumstances giving rise to situations that are out of the ordinary."  United States v. DiSomma, 951 F.2d 494, 497 (2d Cir. 1991).  Those examples were "an elderly man with lifelong community ties, convicted under the federal murder statute of the mercy killing of his wife, challenges the application of the statute to mercy killings, a question of first impression in the circuit" and "a seriously wounded drug dealer whose appealed raised a novel search and seizure issue which could change the outcome of his trial."  Id.  The following cases, which declined to find "exceptional reasons," provide a landscape for the Court's analysis of the totality of the circumstances.

Some courts have reasoned that a defendant convicted "of what Congress has defined as [a] crime of violence, i.e., child pornography" "by definition, entails danger to the community." United States v. Devinna, 5 F.Supp.2d 872, 873 (E.D.Cal. 1998) (finding no exceptional reasons).  Courts have found that the combination of performing well on pretrial release, some medical need for knee surgery, being considered (although not confirmed) as a kidney donor for a child and being a caretaker for such child, with other things, is not enough to be "exceptional reasons."  United

7

States v. Richard Has The Pipe, 2010 WL 2265764, at *3-*5 (D.Idaho June 4, 2010); see also United States v. Green, 250 F.Supp.2d 1145, 1149 (E.D.Mo. 2003) ("simple accumulation of numerous common circumstances" are insufficient; denying release for a defendant who asserted obligations to nine children, success in drug treatment, and attempted to negotiate for continued employment following treatment). Courts have also stated that in most cases incarceration imposes a great burden on a defendant's family and finances, so that is insufficient. See, e.g., United States v. Clark, 2003 WL 60478, at *2 (W.D.Va. Jan. 7, 2003) (stating that "defendant's family and job responsibilities are unfortunately common, rather than unique, circumstances").

Here, defendant committed his crimes over a long span of time and his criminal conduct was not aberrational; defendant's crimes were not exceptionally dissimilar to other crimes of this category; his expected prison sentence will be lengthy; there are no facts suggesting that incarceration will be unusually harsh; it is unlikely that incarceration will affect defendant's health; and finally, defendant is unlikely to succeed in obtaining a reversal on appeal. In this case, there are no "exceptional reasons" under § 3145(c). Accordingly, even if defendant is able to establish by clear and convincing evidence that he is not a flight risk or a danger to any other person or to the community, detention is mandatory.

///

**III. CONCLUSION**

    For the foregoing reasons, 18 U.S.C. § 3143(a)(2) directs the Court to remand defendant to custody following his pleas of guilty.

Dated: October 1, 2024        Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

      */s/ Sonah Lee*
SONAH LEE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA