WALLIN & KLARICH
A LAW CORPORATION
JONATHAN M. LYNN, SBN: 289274
18022 COWAN AVE SUITE 275
IRVINE, CALIFORNIA 92614
Telephone: (714) 730-5300
Fax: (714) 730-0337

Attorney for Defendant
MATTHEW JOHNSON

# UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MATTHEW JOHNSON,<br><br>　　　　Defendant. | Case No: ED CR 23-00169-SPG<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>**SENTENCING DATE: FEBRUARY 12, 2025** |

　　　　Defendant Matthew Johnson submits this sentencing memorandum for the Court's consideration prior to his sentencing date of February 12, 2025. In this brief Defense recommends that this Court depart from the sentencing guidelines and sentence the Defendant a period of custody of 15 years followed by a period of supervised release this Court deems sufficient. This sentence would be sufficient, but not greater than necessary, to serve the sentencing purposes under 18 U.S.C. § 3553(a)(2).

Respectfully submitted,

Dated:  01 / 30 / 2025

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　JONATHAN LYNN, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant,
　　　　　　　　　　　　　　　　　　　　　　　　　Matthew Johnson

Doc ID: 0767f589f429c6ffaafd0bb935fb058ad1e1ba8f

**Legal framework and sentencing guidelines**

In his plea agreement Mr. Johnson and the United States Attorney stipulated to a base offense level of 32 with the following stipulate3d enhancements:

-a 4 point increase for possessing material depicting a prepubescent minor

-a 2 point increase for abuse of position of trust

-a 5 point increase for being a repeat offender

The U.S. Attorney and Mr. Johnson calculated a total offense level of 43 points, which was reduced by 3 points due to Mr. Johnson's acceptance of responsibility to 40 points. Both parties reserved the right to argue additional calculations under the sentencing guidelines.

The PSR calculates the same base offense level and enhancements for prepubescent minor, abuse of a position of trust and repeat offender, however, the PSR adds 3.5 points for multiple counts. The PSR notes that although Mr. Johnson pled guilty to one count of production of child pornography related to minor victim 7, he also stipulated to facts that constitute the creation of other child pornography involving other minors. Because of this the PSR adds 1.0 points for count 8, but also adds 1.0 points for a count 8A and an additional 1.0 points for count 8B as well as .5 points for count 14 for a total of 3.5 additional points. The PSR calculates that these 3.5 points add 4 levels to Mr. Johnson's base offense under U.S.S.G. 3D1.4.

Mr. Johnson, however, has entered into a plea agreement where he specifically only pled to two offenses: production of child pornography regarding minor victim 7 and possession of child pornography. He objects to the calculation of additional points based on conduct he was charged with, but that he did not plead to. Just calculating the group for count 8, which he pled to, and count 14 without calculating count 8A and count 8B based on conduct he did not plead to would equal a total of 1.5 points which would add 1 level under U.S.S.G. 3D1.4 rather than 3.

Doc ID: 0767f589f429c6ffaafd0bb935fb058ad1e1ba8f

This calculation would bring his offense total to 41 points and a guidelines range of 324-405 months rather than 43 points and a life guideline under the PSR.

### § 3553 factors

Identifying the applicable advisory Guidelines range and determining what weight, if any, should be given to it, as this Court knows, is only the first step. Although the Court "must include the Guidelines range in the array of factors warranting consideration" as it determines an appropriate sentence under § 3553, *Kimbrough*, 552 U.S. at 91, it is also the Court's important prerogative to decide independently how much persuasive authority the advisory Guidelines range should receive in a particular case.

Section 3553 also requires a sentencing court to impose a sentence that is "sufficient, but not greater than necessary" to comply with four purposes of federal sentencing. 18 U.S.C. § 3553(a). Those four purposes are the need for the sentence imposed (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; and (4) to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). In addition, § 3553 requires district courts to consider the following factors (in addition to the advisory Guidelines range and any pertinent policy statements issued by the Sentencing Commission) in imposing sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (4) the need to provide restitution to any victim(s). 18 U.S.C. § 3553(a)(1)-(7).

Doc ID: 0767f589f429c6ffaafd0bb935fb058ad1e1ba8f

For the reasons that follow, Mr. Johnson submits that the mandatory minimum sentence of 15 years incarceration followed by lifetime supervised released, is sufficient, to comply with the purposes of federal sentencing when the Court considers these factors.

**<u>The Nature and Circumstances of Mr. Johnson's Offense</u>**

Mr. Johnson acknowledges his criminal conduct in this matter. In March 2020 law enforcement discovered the nature of his activities. He promptly came forward and confessed his conduct in this case. He was fully cooperative with law enforcement in terms of helping them recover any devices and in terms of fully accounting for his conduct. After he became aware this initial investigation was in place Mr. Johnson hired criminal counsel who remained in touch with the U.S. Attorney's office regarding the pending charges. Mr. Johnson additionally enrolled in and completed treatment through Blue Tiger recovery.

Mr. Johnson has strong family support and has been consistently employed throughout his adult life. He has previously filed for this Court's review a number of character letters from family and friends who support him despite being aware of his conduct in this case. (*See character letters filed on 10/7/2024 as exhibit 37*). Aside from the conduct in this case he has been fully law abiding with no prior criminal history. After his employment ended with La Serna elementary school Mr. Johnson worked for the last 5 years at UPS and then worked transcribing lectures and as a writer. He voluntarily appeared in court once he was aware that charges were filed and has cooperated with all requirements of pre-trial services including counseling.

In addition to Mr. Johnson's willingness to come forward and accept responsibility for his conduct in this case and his consistent employment and lack of a criminal record, the nature of the instant offense does not involve any allegations of hands-on touching of any minors or any attempts to touch minors.

Mr. Johnson has acknowledged he has an issue with sexual attraction to children. In his statement to the probation officer in the pre-sentence report and in the time he has spent in therapy Mr. Johnson has worked to identify and address this issue to ensure he will not offend

Doc ID: 0767f589f429c6ffaafd0bb935fb058ad1e1ba8f

again. He identifies a sexual incident that occurred with another minor child when he was young and through therapy has attempted to address how this event and others in his personal life may have affected his behavior as an adult. He has expressed significant remorse for the victims and their families and wishes to use his time in custody to receive counseling and treatment so he does not re-offend.

Even with a minimum 15 year sentence Mr. Johnson will serve a significant portion of his adult life in prison. He will be placed on supervised release for a period of time this Court determines is sufficient and required to register as a sexual offender for the rest of his life. The combination of this significant prison term with Mr. Johnson's supervised release after custody will serve to both adequately punish him for his conduct as well as serve the other purposes of sentencing including deterring future offenders and providing sufficient punishment for his conduct.

## **Conclusion**

Mr. Johnson has pled guilty and accepted responsibility for his conduct at an early stage of the proceedings. He is now facing a guidelines sentence that represents him serving potentially the rest of his life in prison. He asks that this Court consider all relevant factors to determine a sentence that is sufficient, but not greater than necessary and incorporates consideration of his character and background as well as the elements of the offense. He requests based on all these factors that this Court sentence him to a period of time in custody not exceeding 15 years incarceration followed by supervised release.

Dated: 01 / 30 / 2025

Jonathan M. Lynn, Esq., attorney for Matthew Johnson

5

Doc ID: 0767f589f429c6ffaafd0bb935fb058ad1e1ba8f